FILED
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HEIDI K. ERICKSON
    Plaintiff

VS.

2004 JAN -8 A 9: 15 CIVIL ACTION NO 03-10460

U.S. DISTRICT COURT
DISTRICT OF MASS.

VERIFIED AMENDED COMPLAINT

ADMINISTRATIVE OFFICES OF THE TRIAL COURT ET AL.
    Defendants

1. Plaintiff Erickson files this her Amended Complaint <u>prior</u> to this Honorable Court receipt of responsive pleadings from any of the Defendants and amends ands Defendants herein.

2. The Plaintiff is a citizen of the United States, and a resident of the State of Massachusetts and relies upon the statements of fact, allegations, claims and the pleadings previously filed in her Complaint.

3. The Plaintiff relying upon the Orders from Judge Woodlock "reopening" the case on 11/17/03 and Summons issued on 01/07/04 together with a copy of the Original Complaint and this document hand delivered to the Marshall's Office on 01/08/04.

4. The Defendants are all duly appointed and either employed by the Defendant Trial Court, the Commonwealth of Massachusetts, and/or supervised by the Attorney General's Office during all relevant times hereto.

AMENDED PARTIES

The foregoing Amended Defendants, including the Defendants named in the original Complaint, their Departments are governmental entities and shall sometimes be collectively referred to herein as "the Public Entity Defendants and/or 'PED' are herein being sued individually, collectively and in their own capacity having jurisdiction.

Robert A. Mulligan, replacing Dortch O'Kara as Chief Justice for Administrative and Management duly appointed who has been entrusted by the powers of the state.
The Defendant Robert Mulligan being a newly appointed Chief Justice for the Administrative Trial Court (Defendant) and its agent, at all times material herein, was charged with the supervision of said Defendant Agency, and at all times material herein was, responsible for the ultimate decision to train, and supervise his employees of said agency; and to reasonably provide access to the Defendant Agency's program. Upon information and belief and the Federal Register Vol. 56, No. 144 issued by the Department of Justice 28 CFR part 35 (ADA Title II) and those laws of the Commonwealth articulated in the Constitution of Massachusetts Article 14 and 15 where at all times material herein wrongly negligently, discriminated, retaliated, intentionally and maliciously deprived Erickson her rights under the US Constitution Administrative Offices of the Trial Court of Massachusetts (MTR) and by it's Director Honorable Barbara Dortch-Ahern "Dortch" and its agents, at all times material herein, was

1

charged with the training and supervision of Plaintiff Erickson's access and rights of due process and those rights secured by the Massachusetts Constitution Article 15. On information and belief, Dortch is, and at all times material herein was, responsible for the ultimate decision to train, and supervise her employees; provide fair and equal justice pursuant to Federal Acts, the US Constitution and the Massachusetts Constitution and at all time material herein wrongly intentionally, negligently, discriminately and maliciously deprived Erickson her rights.

Administrative Offices of the Trial Court of Massachusetts (MTR) and by it's Director Honorable Mulligan (replacing Dortch) its agents, at all times material herein, was charged with the training and supervision of Plaintiff Erickson's access and rights of due process and those rights secured by the Massachusetts Constitution Article 15. On information and belief, Mulligan is personally and professionally, and at all times material herein, responsible for the ultimate decision to train, and supervise his employees; provide fair and equal justice pursuant to Federal Acts, the US Constitution and the Massachusetts Constitution and at all time material herein assign, supervise and enforce policy and procedures amongst his employees which include the Defendants. Mulligan has wrongly intentionally, negligently, discriminately and maliciously deprived Erickson her rights. and has conspired with the Defendants to deprive Erickson of her rights and securities protected by the US Constitution.

The foregoing Defendants, including the Defendants named in the original Complaint, their Departments, agencies, and committees are governmental entities and shall sometimes be collectively referred to herein as "the Public Entity Defendants" and shall not survive a motion to dismiss on protections of immunity as their acts collectively and individually knowingly violated Erickson's constitutionally protected rights, was made with intentional malice, negligent, capriciously and knowingly wrong.

Jeffery Winik, duly appointed who has been entrusted by the powers of the state.

Charlotte Perretta, duly appointed who has been entrusted by the powers of the state

Judith Fabricant, duly appointed who has been entrusted by the powers of the state.

Murphy, duly appointed who has been entrusted by the powers of the state.

Diana Horan, duly appointed who has been entrusted by the powers of the state.

Steven Pierce, duly appointed who has been entrusted by the powers of the state.

John Connor, Jr. duly appointed who has been entrusted by the powers of the state.

JURISDICTION
This action arises under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the Civil Rights Act of 1870, 42 USC sec 1983 et seq.; Sec 1981, 1982, 1985, 1986; 18 USC 241 & 243; the Americans with Disabilities Act Title II 28 CFR 35.134 & 149 and the legislative intentions of the Constitutional Amendments related to the Due Process of Law and those regarding the pursuits of happiness.

This Honorable Court has subject matter jurisdiction of this action pursuant to 28 USC sec 1331 s& 1343, there is no jurisdictional requirement as to the amount of damages claimed and as to counts in this Complaint which are based on state law are a basis for invoking the supplementary jurisdiction of this Court pursuant to 28 USC sec 1367a, and 42 USC 1441.

ADDITIONAL CAUSES OF ACTION
As set forth in the Original Complaint and incorporated and amended herein.

ORIGINAL COMLAINT CLARIFICATION
CLAIM I
DISCRIMINATION
TITLE II Americans with Disabilities Act
28 CFR section 35.149
Discrimination Prohibited, except as otherwise provided in section 35.150, no qualified individual with a disability shall, because a public entity's facilities are inaccessible to or unusable by individuals with disabilities, be excluded from participation in , or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any public entity.

RETALIATION
PROHIBITED BY FEDERAL LAWS AND ACTS
TITLE II Americans with Disabilities Act
28 CFR section 35.134 Retaliation or coercion
   [a] No private or public entity shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the act or this part.
   [b] No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the Act or this part.
Upon all the Defendants

ACCESS TO THE COURTS AND RIGHTS TO A FAIR TRIAL
15th Article to the Mass. Constitution
Upon all the Defendants As set forth in the Original Complaint, Memorandum of Law In Support of Preliminary Injunction and as described and amended herein.

CONSPIRACY TO COMMIT FRAUD
Upon all Defendants
As set forth in the Original Complaint, Memorandum of Law In Support of Preliminary Injunction and as described and amended herein.

3

DUE PROCESS
42 USC sec. 1983
VIOLATION 14th Amendment
Upon all Defendants
As set forth in the Original Complaint, and as described and amended herein.

EQUAL PROTECTION
42 USC sec. 1983
VIOLATION 14th Amendment
Upon all Defendants
As set forth in the Original Complaint, and as described and amended herein.

NEGLIGENCE
Upon all Defendants
As set forth in the Original Complaint, and as described and amended herein.

NEGLIGENT TRAINING AND SUPERVISION
Upon all Defendants
As set forth in the Original Complaint, and as described and amended herein.

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
Upon all Defendants
As set forth in the Original Complaint, and as described and amended herein.

NEGLIGENT INFLICTION OF EMOTOINAL DISTRESS
Upon all Defendants
As set forth in the Original Complaint, and as described and amended herein.

MALICIOUS INFLICTION OF EMOTIONAL DISTRESS
Upon all Defendants
As set forth in the Original Complaint, and as described and amended herein.

CONSPIRACY TO COMMITT FRAUD
Upon all Defendants
As set forth in the Original Complaint, and as described and amended herein.

TORTUIOUS INTERFERANCE WITH ADVANTAGEIOUS RELATIONSHIP
Upon all Defendants
As set forth in the Original Complaint, and as described and amended herein.

DEPRIVATION OF 1st AMENDMENT RELATING TO FREE ASSOCIATION
Upon all Defendants
As set forth in the Original Complaint, and as described and amended herein.

MALICIOUS PROSECUTION
Upon all Defendants
As set forth in the Original Complaint, and as described and amended herein.

LIABILITY MALICIOUS DISTRUCTION OF PROPERTY
Upon Defendants Kryiakakis.
Upon all Defendants
As set forth in the Original Complaint, and as described and amended herein.

## FACTS

Erickson relies upon her originally filed Complaint and amends, by incorporation the following:

1. This is an action for the deprivations and violations of Erickson's due process rights, her protections under the 1st, 4th, and 14th Amendments of the US Constitution, those under the Articles 14 and 15 of the Massachusetts Constitution, and the laws of the Commonwealth that Defendant's maliciously, negligently and intentionally committed under the color of law to deprive Erickson those protections established by the Constitution of the United States and those provisions of the Constitution of Massachusetts.

2. On 3/11/03 Erickson filed her original complaint in this Honorable Court against the originally listed Defendants where service had been hand delivered the on or about the same day.

3. March 2003 Erickson was named a Defendant in a summary process action filed in the Boston Housing Court Defendant Winik presiding slated for trial that week. Winik (who is supervised by Defendant Kryiakakis and the Administrative Offices of the Trial Court) heard testimony and wrote a finding after Erickson had filed this action in this Honorable Court. Winik found that the Landlord(LeBlanc) had altered the lease agreement made between Erickson and because of these Erickson was in breach, findings included that LeBlanc and had received Erickson's requests for lease alterations including altering certain terms to include a HUD section-8 contract prior to sending Erickson a Notice to Quit but Winik acting with concerted effort to deprive Erickson equal protection and justice left out of his finding numerous facts that supported Erickson's claims and granted LeBlanc possession.

4. In April 2003 Erickson appealed Winik's decision and refused to move. Winik with retaliation for Erickson filing this Federal action and in an attempt to completely deny Erickson her rights of due process denied Erickson a waiver to the bond requirement normally granted under the same conditions.

5. On 4/22/03 the Boston Inspectional Services (BIS) requested Erickson to testify at a hearing it filed against the Landlord LeBlanc to be heard in the Boston Housing Court and in front of Defendant Kryiakakis. BIS asked Erickson to testify against LeBlanc regarding that he had not repaired nor attempted to repair the violations originally cited in October 2002. But once Erickson arrived at the Boston Housing Court she was handed by counsel for the BIS (not a civil process server) a complaint for odors in her apartment and then to her surprise Winik ordered her to return to the Boston Housing Court on May 6th, 2003 for a pretrial conference <u>not a hearing</u> (emphasis added).

5

6. On or about 4/27/03 the Boston Fire and Police Departments in an outrageous beyond civil reproach broke into and entered Erickson's apartment without consent, without circumstances of exigency and/or emergency without applying for and securing a search warrant and then searched her entire apartment, opened closed doors entered closed rooms, opened closed closets, cabinets, and refrigerator/freezer doors and removed her property. Boston Inspectional Services entered her apartment also without consent without circumstances of exigency and/or emergency without applying for and securing a search warrant and then searched her entire apartment, opened closed doors entered closed rooms, opened closed closets, cabinets, and refrigerator/freezer doors and ordered the removal of all her property empting her apartment then ordered that all her property be destroyed, ordered her apartment condemned without reason and merit constructively evicting her without the due process of law.

7. On 5/6/03 Defendants' Kryiakakis, Trial Court and Attorney General Thomas Reilly allowed a hearing to be conducted a emergency preliminary hearing without notice to Erickson, without circumstances of urgency nor had there been a valid certificate of service on the original complaint filed in the case as there had been no actual and/or proper service upon Erickson. Defendants acted in a concerted, conspired, unlawful and malicious way either by participation conducting a trial in fraud, furthering the interests of Defendants by participating with a knowingly fraudulent hearing with the Trial Court of Massachusetts to defraud the Court and deprive Plaintiff her right to due process of law and deprive her rights protected under the US and Massachusetts Constitutions.

8. At the hearing on 5/6/03 Defendant Kryiakakis was asked by Erickson to Recuse himself and denied the motion immediately, then proceeded to deny Erickson other fundamental rights to cross examine, testify, present evidence, enforce subpoenas and for copies of the tapes of the hearing, made findings demonstrative of conspiracy as no facts presented supported the findings that Kryiakakis found. Kryiakakis ruled immediately at the conclusion of the BIS evidence that Erickson would not be allowed to put on a defense and then ruled that Erickson would not be allowed to live in the Boston area with cats. At all times the Defendants were acting in a concerted and preconceived, customary plan that is unconstitutional and unlawful in the Commonwealth and that their acts knowingly wrong, unconstitutional and made to deprive Erickson her rights made to defame Erickson and her reputation.

9. On 6/4/03 Erickson was heard at the Massachusetts Appeals Court (which is supervised by the Defendant Administrative Offices of the Trial Court) on her appeal from Winik's denial to her proper request for a waiver of the Bond necessary to proceed with her appeal and Charlotte Perretta denied Erickson the access, equal protection and due process to proceed with her appeal against the landlord LeBlanc having substantial facts to proceed with remanding the case back to the trial court for further findings and/or allowing the waiver of the bond necessary to proceed with an appeal on the eviction.

10. June and July 2003 Erickson filed complaints in the court of jurisdiction the Boston Housing Court and each time Kryiakakis would hear these without regard to Erickson

6

motion to Recuse himself denied Erickson her properly sough relief to obtain her property.

11. On 9/5/03 Judith Fabricant denied Erickson's request for a preliminary injunction when she requested an enforcement of a contract for housing. The evidence was overwhelming while Erickson presenting 3 fully executed contracts that the Defendant had recently signed for Erickson's tenancy to start on 9/1/03. And his statement that he now changed his mind unfounded and not pursuant to the case law found in the Commonwealth of Massachusetts.

12. On 9/26/03 Fabricant while hearing Erickson's request for injunction upon another landlord stated for the record "I find that a tenancy was created but I'm not going to Order the tenant in, instead the tenant is entitled to damages." Is president in the case law for Massachusetts and especially harmful to Erickson who happened to be homeless where she presented facts and evidence that included a fully executed contract for tenancy, and a stipulation that the landlord padlocked Erickson's apartment door locking her out.

13. During October 2003 Erickson filed relief again at Defendant's Trial Courts and when totally refused relief by Murphy until Erickson approached him numerous times. Despite a fully executed contract and the case law in the Commonwealth Murphy denied Erickson who happened to be homeless the relief of being allowed into her apartment by the landlord who had changed the locks on her and refused to reissue a new key. Murphy went out of his way and recommended to the landlord to unplug Erickson's RV rendering Erickson deathly ill and was taken to the hospital.

14. During November 2003 the Worcester Housing Court (which is supervised by the Boston Housing Court and Defendant Kryiakakis) heard a motion from Erickson newest landlord seeking a TRO. Defendant Horan capriciously and with the intent to harm Erickson Ordered Erickson into court the day after the Thanksgiving weekend Monday at 9am. Erickson was ambushed into a hearing that she could not find legal assistance. In addition Horan was asked for a continuance by both sides and denied it. Horan Ordered a restraint of Erickson and Order that she must remove her items stored on the premise despite the facts that the landlord attested to allowing her to place her belongings and store them. The facts supported Erickson's new tenancy and or at least the placement of her belongings as the landlord attested to allowing Erickson to store her items, attest to the fact the Erickson had filled out a standard RHA form and was currently not living on the premises despite all the facts Horan ordered Erickson restrained from keeping her belongings at the landlords property, ordering Erickson to fill out paperwork which included giving the last 10 years of landlords and Ordered Erickson off the premise that she was not on in a concerted retaliatory effort to harm Erickson making findings of irreparable harms where there were none, ordering Erickson were the facts demonstrated that an order would be increasingly harmful to Erickson and not warranted.

15. On 12/31/03, 01/05/04 and 01/06/04 pursuant to a hearing for preliminary injunction sough against Erickson where Erickson also sought protections Pierce denied her the

7

opportunity to cross examine witnesses testifying against Erickson, denied enforcement of subpoenaes that Erickson had properly served, denied Erickson the right to amend her emergency request to include other new harms recently imposed against her and denied her necessary and obvious emergency relief.

16. During the summer and fall 2003 the Boston Housing Court under supervision by Kryiakakis refused to copy and provide tapes to the hearing on 5/6/03 ordered by a Defense Attorney from the Committee for Public Counsel Services without segments of Kryiakakis's bizarre and outrageous open court announcements being cut from the tapes.

17. Erickson sent Mulligan a demand letter requesting his assistance in obtaining the tapes and accused the Boston Housing Court and Kryiakakis interfering with her defense and fraud. Mulligan refuses to supply the necessary and damaging tapes unadulterated.

18. All the actions of the Defendants were knowingly committed and conspired and fraudulent, intentioned to produce public scorn, embarrass and ruin Plaintiff reputation, made to deprive Erickson her established rights under the US and of Massachusetts Constitution and in attempt to secure that its actions go un-questioned by either the public and or the Federal Courts Defendants over-zealously conspired to prevent Erickson from safe and secure housing, interfere with Erickson's associations with landlords in Boston, and others, emotionally and physically deprive her of her beloved Persians and dog used to accommodate a disability she suffer.

19. As a result of the Defendants' actions, the plaintiff was suffered great emotional pain and public embarrassment, suffered damages including mental anguish, scorn and loss of reputation, the loss of constitutionally protected rights, privacy, security, suffering public humiliation, ridicule, shame, personal embarrassment, damages to loss of cats, harm to her physically, losses of irreplaceable property and reputation..

20. All of the Defendants acted wantonly, recklessly, willfully, and maliciously, with the intent of injuring and oppressing the Plaintiff, as a result of which Plaintiff is entitled to an award of punitive damages, actual damages, consequential damages and special damages and all cost of this action.

21. At all relevant times the Defendants' were acting under auspices of the Defendant Mulligan and the Trial Court within the scope of their duties as an employees of Mulligan and the Trial Court and Attorney General Thomas Reilly.

22. By the actions of Defendants who knowingly conspired to deny Erickson her rights and protections of the US Constitution pursuant to USC 1983 and 1985 the Defendant's are liable to the Plaintiff for the acts and omissions as public entity employees committing fraud while acting within the scope of their duties and authority.

**Prayer for Relief:**
1. Erickson requests permanent and continuous relief to access the Trial Court with reasonable accommodation;

8

2. Erickson requests a permanent injunction upon the Defendant from depriving her rights protected by the 1st, 4th, 14th Amendments and her due process rights, her rights of free association with landlords in Boston, free to reside in Boston with cats and to enjoy equal protection and access of the Commonwealth's judiciary and equal protection of the law.

3. Erickson requests that this Honorable Court find in favor of Erickson and vacate Orders relating to her Beacon Hill residence and the findings in favor of the Boston Inspectional Services issued from the Boston Housing Court. and permanently remove from the records in the Boston Housing Court and the BIS the findings on 5/6/03 hearing in front of and issued by Kryiakakis.

4. Erickson request that this Honorable Court find in favor of all claims and/or any portion thereof and immediately grant her all damage awards.

5. Erickson requests that this Honorable Court find in favor of all claims and/or any portion thereof and Order a stay of the findings in the Boston Housing Court as it relates to LeBlanc vs Erickson issued by Winik denying Erickson possession.

6. Erickson requests that this Honorable Court find in favor of all claims and/or any portion thereof and order a public written apology issued in all the major newspapers in this country from each of the Defendants to be posted in all newspapers and verbalized in person to the press to air on TV.

7. Erickson requests that this Honorable Court find in favor of all claims and/or any portion thereof and order treble damages, special damages, consequential, proximate and actual damages in the amount it deems fair and just.

8. Request is hereby made that any state court holding jurisdiction over Erickson in any claims civil and/or criminal be immediately transfer to the Federal Courts and decided within the Federal jurisdiction.

Erickson requests a trial by jury. I Heidi attest and sign here under the pains and penalties of perjury that the facts herein are true.
Respectfully submitted by:
Heidi K. Erickson, *pro se*  01/08/04
I attest to having caused a true copy to be served to upon Defendants.

9